[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 19-10818
Non-Argument Calendar
_____

D.C. Docket No. 3:17-cv-00373-HES-JRK

CHRISTOPHER GLOSTON,
by Tamika Gloston, his next friend,
parent, and natural guardian,

                                                    Plaintiff-Appellee,

versus

JACK VANCE,

                                                    Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida
_____

(January 10, 2020)

Before JORDAN, NEWSOM, and ANDERSON, Circuit Judges.

PER CURIAM:

Defendant-Appellant Jack Vance appeals the district court's denial of his motion for summary judgment against plaintiff-appellee Christopher Gloston's § 1983 suit. For the reasons given below, we vacate the relevant part of the opinion below and remand.[1]

Gloston, by and through his mother Tamika, filed a complaint against Vance, as well as the Duval County School Board and School District.[2] The complaint alleges that Gloston had multiple disabilities, including cerebral palsy, and that he was relegated to a wheelchair. It alleges that Vance, one of Gloston's teachers, placed a towel over Gloston's head, put his arm around his neck, put him in a chokehold, and struck him in the face with his hand.

Gloston asserted claims against Vance and the school board and district. Two of those claims are relevant here; they allege that Vance violated the Fourteenth Amendment by engaging in conduct that was shocking to the conscience and that violated Christopher's due process rights.

The defendants moved for summary judgment. The defendants' statement of undisputed facts stated that Vance was a special education teacher who taught Christopher. According to the statement of facts, Christopher had a habit of

---

[1] We asked the parties whether we had jurisdiction to review the denial of qualified immunity below. Upon review of Vance's brief, we are satisfied that we do, as he is raising, at least in part, a legal challenge to the denial of qualified immunity, and not merely a challenge to the sufficiency of the evidence. See Cottrell v. Caldwell, 85 F.3d 1480, 1484 (11th Cir. 1996); Stanley v. City of Dalton, Ga., 219 F.3d 1280, 1287 (11th Cir. 2000).

[2] Vance is the only appellant here.

screaming and disrupting class.  Vance used a technique to reduce the stimuli affecting Christopher, referred to as the "towel technique."  This involved lightly placing a towel over Christopher's face and explaining to Christopher that he could laugh, giggle, or clap his hands, but not scream.  According to the defendants, this technique was effective in helping Christopher stop screaming.

The defendants stated that Vance used this towel technique during the field trip because Christopher was screaming.  The defendants disputed the allegation that Vance put Christopher in a chokehold.  The defendants acknowledged that Gloston had a photograph of the incident, but argued that the photograph was unauthenticated.

The defendants argued that they were entitled to summary judgment because Gloston did not show that Vance violated a constitutional right—specifically, that Gloston could not demonstrate that Vance's conduct shocked the conscience—and that even assuming Vance did violate a constitutional right, Gloston had failed to demonstrate that it was clearly established.

The district court denied summary judgment.  It noted that the parties disputed whether there was evidence in the record that Vance improperly disciplined Gloston, taunted him, or caused him any pain, and whether the towel technique had the legitimate purpose of stopping Gloston's disruptive behavior.

3

The district court described this as a genuine dispute of material fact that precluded summary judgment.

We conclude that the district court did not properly analyze Vance's claim of qualified immunity. When considering a defendant's putative qualified immunity, a district court must follow the procedures set forth in our decision in Robinson v. Arrugueta, 415 F.3d 1252 (11th Cir. 2005). It must "take the facts in the light most favorable to the party asserting the injury. When a district court considers the record in this light, it eliminates all issues of fact. By approaching the record in this way, the court has the plaintiff's best case before it. With the plaintiff's best case in hand, the court is able to move to the question of whether the defendant committed the constitutional violation alleged in the complaint without having to assess any facts in dispute." Id. at 1257. The court must then determine whether, if the defendant did violate a constitutional right, that right was "clearly established." Id. at 1255.

The district court did not conduct this analysis. It held that the disputed issue of whether the towel technique had a legitimate purpose prevented it from granting summary judgment. But when a defendant raises qualified immunity, a district court cannot simply deny that defendant's summary judgment motion because the facts are disputed. It must consider "the plaintiff's best case in hand"

4

and determine whether those facts give rise to a constitutional violation, and, if so, whether that violation breached a clearly established right.  Id. at 1257.

Here, the district court should have taken the record in the light most favorable to Gloston.  It then should have considered whether Vance violated Gloston's constitutional rights, and whether those rights were clearly established.

For the foregoing reasons, we vacate the district court's decision concerning Gloston's § 1983 claims and remand for further proceedings not inconsistent with this opinion.

**VACATED AND REMANDED.**